UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-CR-00153-1 (JMB/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Richard Alonzo Woods, | |
| Defendant. | |

This matter is before the Court on Defendant Richard Alonzo Woods's correspondence requesting to appoint counsel for the purposes of assisting with his second motion for compassionate release.[1] (Doc. No. 248.) For the reasons discussed below, the Court denies Woods's request.

## DISCUSSION

A defendant does not have a Sixth Amendment right to counsel in postconviction proceedings. *Garza v. Idaho*, 586 U.S. 232, 245 (2019); *accord United States v. Brown*, 565 F.3d 1093, 1094 (8th Cir. 2009) (finding there is no constitutional right to counsel in a § 3582(c) proceeding). The appointment of counsel for postconviction proceedings is left to the discretion of the district court. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). Whether the appointment of counsel is warranted can be determined by evaluating

---

[1] Woods filed a motion for compassionate release in July 2020 for two reasons: (1) to care for family members who had contracted COVID-19, and (2) because he was concerned about contracting COVID-19 himself while incarcerated. (Doc. No. 167.) Judge Wilhelmina Wright denied the motion. (Doc. No. 188.)

1

"the factual and legal complexity of the case, and the [defendant's] ability both to investigate and to articulate his claims without court appointed counsel." *Id*.

The Court does not find the appointment of counsel to be necessary at this time. Woods's case for compassionate release is based on concerns about his own medical condition and is not so factually or legally complex as to prevent him from proceeding in his motion without the aid of an attorney. *See, e.g.*, *United States v. Romero*, No. 05-CR-368 (JRT/FLN), 2022 WL 5250186, at *4 (D. Minn. Oct. 6, 2022) (denying motion to appoint counsel where "[defendant] has not articulated any genuine obstacle preventing him from investigating and articulating his claims on his own"). Moreover, Woods has demonstrated, through his several postconviction filings, an ability to investigate the legal paths available to him and to communicate with the Court. *See United States v. Oatman*, No. 15-235, 2021 WL 4167674, at *2 (D. Minn. Sept. 14, 2021) (denying a defendant's motion to appoint counsel because "[t]he instant motion shows that Defendant is able and willing to perform legal research and to communicate with the Court").

## ORDER

Based on the foregoing, as well as on the files, records, and proceedings herein, IT IS HEREBY ORDERED that Defendant Richard Alonzo Woods's request to Appoint Counsel (Doc. No. 248) is DENIED.

Dated:  January 17, 2025                                                  /s/ *Jeffrey M. Bryan*
                                                                          Judge Jeffrey M. Bryan
                                                                          United States District Court