UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 18-CR-00153 (JMB/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Richard Alonzo Woods, | |
| Defendant. | |

Katharine Buzicky, United States Attorney's Office, Minneapolis, MN, for Plaintiff United States of America.

Richard Alonzo Woods, self-represented.

This matter is before the Court on Defendant Richard Alonzo Woods's Motion for Compassionate Release on grounds that he is not receiving appropriate medical care while in the custody of the Bureau of Prisons (BOP). (Doc. No. 239, 244.[1]) The Government opposes the motion. (Doc. No. 258.) For the reasons discussed below, the Court denies Woods's motion.

---

[1] Woods filed two separate documents styled as a motion for compassionate release. (Doc. Nos. 239, 244.) Because the documents are similar in substance, the Court considers these documents as having asserted one singular motion.

## BACKGROUND

A.     **Relevant Federal Criminal Proceedings**

On July 27, 2012, Woods pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Woods*, No. 12-CR-0131 (SRN/JJK), Doc. No. 29 (D. Minn. July 27, 2012). The Honorable Susan Richard Nelson sentenced Woods to seventy-seven months' imprisonment, followed by a three-year term of supervised release. *Id.*, Doc. No. 45. Woods began serving his term of supervised release on February 1, 2018. *Id.*, Doc. No. 63.

Woods violated the terms of his supervised release shortly after release. First, Woods engaged in what would become an armed-robbery spree comprising a February 4, 2018 armed robbery of a commercial apparel business in Minneapolis, and the February 22, 2018 and May 22, 2018 armed robberies of Twin Cities-area banks. Additionally, on May 18, 2018, Woods fled when Minneapolis police officers attempted to initiate a traffic stop of his vehicle; during flight, Woods ran multiple stop signs and traffic lights. Ultimately, police arrested Woods after recovering two firearms in the vehicle.

As a result of his conduct while on supervised release, Woods was indicted in this matter with unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty. On January 9, 2020, the Honorable Wilhelmina M. Wright sentenced Woods to seventy-seven months' imprisonment; his anticipated release date is May 4, 2025.

Then, on October 27, 2020, Woods was indicted in another case with nine offenses related to the armed robberies, *United States v. Woods*, No. 20-CR-0245 (WMW/HB), Doc.

No. 1 (D. Minn. Oct. 27, 2020) [hereinafter, the "Robbery Case"]. On November 10, 2021, Woods pleaded guilty to six of the nine counts.[2] *Id.*, Doc. No. 56. Judge Wright sentenced Woods to 300 months' imprisonment (with some counts running concurrent to the sentence in this case, and others running consecutively). *Id.*, Doc. No. 81. Woods's anticipated release from custody on the Robbery Case is August 2041. *See Find an Inmate*, BOP, https://bop.gov/inmateloc/ (inmate ID #16521-041). (Doc. No. 258 at 3.)

Until recently, Woods was incarcerated at FCI Herlong, in Herlong, California. He was recently transferred to, and is currently incarcerated at, FCI Mendota in Mendota, California. *See Find an Inmate* (inmate ID #16521-041). (Doc. No. 258 at 3.)

### B. Medical Care While in Custody

In the past year, Woods has received treatment for several medical conditions, including gynecomastia, shoulder pain, PTSD, thyroid disorder, high blood pressure. (*See* Doc. No. 259 at 54; *see also generally* Doc. No. 259.) Of particular concern to Woods are his thyroid issues and gynecomastia diagnosis. (*See* Doc. Nos. 239, 241, 251, 252, 253-1.) Gynecomastia is a condition that results in an increased amount of breast tissue in males that is caused by hormonal imbalances. *See Gynecomastia*, Mayo Clinic, https://perma.cc/Q2AN-SD55 (last accessed Feb. 18, 2025).[3] It is a non-life-threatening

---

[2] As part of the plea agreement, the additional three counts were dismissed.

[3] The Court takes judicial notice of the Mayo Clinic's description of gynecomastia under Federal Rule of Evidence 201(b)(2). *See, e.g.*, *Giddings v. Cradduck*, 2017 WL 2791345, at *6 n.4, *7 n.5 (W.D. Ark. June 6, 2017) (taking judicial notice of information provided on the Mayo Clinic's and National Institute of Health's websites on dispositive motion involving prisoner's claim of receiving inadequate nutrition while in custody).

condition that "may go away on its own" or can be treated with "medicine or surgery." *Id.* Generally, the most serious side effects of gynecomastia are embarrassment and resultant mental-health issues. *Id.*

Woods was diagnosed with gynecomastia in May 2022. (Doc. No. 259 at 11.) Woods's medical records show that his gynecomastia growth is not cancerous and that he has attempted a short course of medication to treat the condition while under the care of a Dr. Allred at FCI Herlong. (*Id.* at 11.) His medical records are not clear why the medication was discontinued. Portions of the record presented suggest that the course of medication was to see if the growth would shrink and was discontinued when it did not. (*Id.*) Other portions, however, show that Woods requested to discontinue the medication and to have the mass simply excised (*id.* at 13, 28), and that Woods wished to continue the medication and was "upset" that the course of medication "was interrupted" by Dr. Allred. (*Id.* at 43; Doc. No. 251 at 2; Doc. No. 251 at 8.) Woods also has had ongoing concerns about enlarging thyroid "mass." (Doc. No. 259 at 11.)

In December 2024, after his transfer to FCI Mendota, Woods underwent a medical evaluation with a new provider. (Doc. No. 259 at 1–3.) During the examination, Woods expressed his concerns with thyroid nodules, his gynecomastia diagnosis (which he confirmed to the provider was "benign and not cancerous," but expressed concern that it would become cancerous), the discontinuation of the medication he previously took to treat his gynecomastia, and suspected anemia. (*Id.* at 1) During the exam, the provider investigated all complaints and noted that Dr. Allred had already ordered follow-up with

4

radiology on Woods's complaints about thyroid issues and gynecomastia, which was to be completed no later than spring 2025. (*Id.* at 2–3.)

## DISCUSSION

Woods now seeks compassionate release from custody under 18 U.S.C. § 3582(c)(1)(A).[4] This Court may not modify a term of imprisonment once it has been imposed except as provided by statute. *E.g.*, *United States v. Kachina*, No. 15-CR-68 (ADM/FLN), 2020 WL 2539270, at *1 (D. Minn. May 19, 2020). Under 18 U.S.C. § 3582(c)(1)(A), the Court "may" grant requests for compassionate modifications to a sentence only upon a showing of "extraordinary and compelling reasons" and upon consideration of the factors set forth in 18 U.S.C. § 3553(a), as applicable.[5] 18 U.S.C. § 3582(c)(1)(A); *United States v. Loggins*, 966 F.3d 891, 892 (8th Cir. 2020); *United States v. Edison*, No. 12-CR-00025 (DWF/FLN), 2020 WL 3871447, at *2 (D. Minn. July 9, 2020). As the movant, Woods has the burden to show that circumstances

---

[4] The Court notes that Woods has not moved for compassionate release in the Robbery Case, on which he is serving terms of imprisonment that are both concurrent to (and longer than) and consecutive to the term of imprisonment imposed in this matter, such that his anticipated release from custody is in August 2041. *See generally Woods*, No. 20-CR-0245, Doc. No. 81.

[5] A person may not file a motion for compassionate release with this Court until after the individual has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Woods made a request for compassionate release to his warden in October 2024. (Doc. No. 253-1.) The Government agrees that Woods's motion is ripe for consideration. (*See* Doc. No. 258 at 4.)

justifying his compassionate release indeed exist. *E.g.*, *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

The compassionate-release statute "is not a freewheeling opportunity for resentencing." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). Instead, it provides a remedy only if "extraordinary and compelling" circumstances, as set forth in the Sentencing Commission's policy statement, exist.[6] *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(b). That policy statement provides the following six categories of extraordinary and compelling reasons that may support compassionate release: (1) the inmate's dire medical circumstances; (2) age (e.g., the inmate is experiencing "a serious deterioration in physical or mental health" caused by old age); (3) family circumstances (e.g., the "death or incapacitation" of an inmate's children's caretaker); (4) abuse suffered in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons"; and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b).

A. **Woods's Medical Circumstances**

Woods argues that his own medical circumstances—specifically, his alleged lack of care for his thyroid issues and gynecomastia diagnosis with Dr. Allred—justify his release. (*See* Doc. Nos. 239, 244.) An inmate's own medical circumstances may be sufficiently "[e]xtraordinary and compelling" so as to warrant compassionate release if he suffers from "a serious physical or medical condition . . . that substantially diminishes the ability of the

---

[6] The Eighth Circuit has admonished both that U.S.S.G. § 1B1.13 and its commentary "may not be ignored" but also that it is "not binding." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" and/or "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(B)(i), (b)(1)(C). The Court has thoroughly reviewed all evidence submitted in connection with Woods's motion and can find nothing that suggests Woods's conditions are of such a nature that render Woods unable to provide self-care while in custody, that Woods will not recover, or that Woods is "at risk of serious deterioration in health or death." *See id.* Instead, the records show that Woods's thyroid issues and gynecomastia are being actively monitored—in fact, he has upcoming radiology appointments to further investigate them. To date, Woods's unspecified thyroid issues have not resulted in any life-threatening or debilitating prognosis. Further, gynecomastia is generally not a life-threatening condition, and the evidence before the Court does not suggest that Woods's gynecomastia diagnosis is life threatening or otherwise dire.

Thus, Woods has not demonstrated that his own medical circumstances are sufficiently extraordinary and compelling so as to warrant compassionate release. *E.g.*, *United States v. Harris*, No. 22-CR-0072 (JRT/ECW), 2024 WL 3927938, at *2 (D. Minn. Aug. 23, 2024) (denying motion for compassionate release on grounds that inmate did not provide sufficient evidence that his polyps in his colon and delayed surgery were life-threatening conditions, that he was being denied care, or that he experienced deteriorating health because of the condition); *United States v. Harper*, No. 16-CR-0075 (MJD), 2024 WL 3861777, at *2 (D. Minn. Aug. 19, 2024) (denying motion for compassionate release

7

where inmate failed to show that his medical condition was sufficiently serious to be considered "extraordinary and compelling" under U.S.S.G. § 1B1.13(b)(1)).

### B. Woods's Family Circumstances

Woods also briefly argues that compassionate release is warranted because of his family circumstances—specifically, that his wife is taking psychiatric medication and caring for an autistic child, that his children "have become unruly" as a result of his absence from the home, and that his mother "is abusing drugs and [] has mental health issues." (Doc. No. 253-1.)

An inmate's family circumstances can amount to extraordinary and compelling circumstances that may warrant compassionate release, such as when the caregiver of a defendant's minor children dies or when an inmate's spouse or parent becomes incapacitated and the inmate would be the only available caregiver for the spouse or parent. U.S.S.G. § 1B1.13(b)(3).  Though Woods has raised concerns that his spouse is having difficulty caring for their children and that she is taking psychiatric medication, he has neither submitted any evidence of these concerns nor demonstrated that his spouse has become "incapacitated" and therefore unable to care for the children.  Further, Woods has not submitted any evidence about his mother's condition whatsoever, let alone that her drug addiction and mental health issues render her "incapacitated."

Thus, Woods has not demonstrated that his family circumstances are sufficiently extraordinary and compelling so as to warrant compassionate release.

### C. Sentencing Factors

Absent identification of an extraordinary and compelling reason for Woods's release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(b), the Court need not set forth a full analysis of the factors under 18 U.S.C. § 3553(a). The Court does note, however, that Woods's recent federal criminal history—including his hasty violation of the conditions of his supervised release that resulted in the underlying indictment in this matter and in the Robbery Case—is serious and concerning. Thus, even if the Court did undertake an analysis of the section 3553 factors (which it does not), they likely would override any extraordinary and compelling circumstances (which, as discussed above, there are none demonstrated here).

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Defendant Richard Alonzo Woods's motion for compassionate release (Doc. Nos. 239, 244) is DENIED.

Dated: March 5, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court